1

2

3

4                           UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    KHOR CHIN LIM,                            Case No. 25-cv-02661-EMC

8              Plaintiff,

9         v.                                   **ORDER DENYING PLAINTIFF'S EX
                                               PARTE MOTION FOR TEMPORARY
10   NEW YORK STATE BOARD OF LAW               RESTRAINING ORDER**
     EXAMINERS, et al.,
11                                             Docket No. 20
              Defendants.

12

13

14        Plaintiff, proceeding pro se, initiated this suit in March 2025 against a number of

15   defendants, including but not limited to the New York State Board of Law Examiners, Cook

16   County in Illinois, the City of Chicago, and former Presidents Joseph Biden and Barack Obama.

17   In May 2025, Judge Ryu granted Plaintiff's application to proceed in forma pauperis ("IFP") but

18   concluded (as part of the screening required by 28 U.S.C. § 1915(e)) that he had failed to state a

19   claim for relief. Judge Ryu gave Plaintiff leave to file an amended complaint. *See* Docket No. 8

20   (order).

21        Thereafter, Plaintiff failed to timely file an amended complaint. Accordingly, in June

22   2025, Judge Ryu issued a report and recommendation ("R&R"), recommending that the case be

23   dismissed based on failure to prosecute. *See* Docket No. 15 (R&R). Plaintiff failed to object to

24   the R&R. This Court adopted the R&R and dismissed without prejudice based on failure to

25   prosecute. *See* Docket No. 18 (order).

26        Now pending before the Court is a motion filed by Plaintiff seeking a temporary

27   restraining order ("TRO"). Plaintiff's papers are difficult to read because they are handwritten and

28   the handwriting is often illegible. Plaintiff's papers are also difficult to understand. Although not

United States District Court
Northern District of California

United States District Court
Northern District of California

1   clear, Plaintiff seems to be asking that certain property not be sold, transferred, or otherwise

2   disposed of and that the D.A. in Rock County, Wisconsin, be barred from seizing certain property.

3   With respect to the former, Plaintiff suggests funds should not be used from a sale to prosecute

4   him in Wisconsin.

5   The Court denies Plaintiff's motion for a TRO.  To obtain a TRO, a plaintiff must show "a

6   likelihood of success on the merits, a likelihood of irreparable harm in the absence of relief, a

7   favorable balance of the equities, and that a TRO [is] in the public interest." *E. Bay Sanctuary*

8   *Covenant v. Trump*, 932 F.3d 742, 762 (9th Cir. 2018).  Plaintiff's papers fail to establish that he is

9   likely to succeed on the merits.  He makes conclusory assertions or has submitted no evidence to

10   support his claims (*e.g.*, that an entity cannot sell or transfer the property because it has not

11   registered with any Secretary of State and has an illegal business form).  Furthermore, as both

12   Judge Ryu and this Court noted, it is not clear how this Court has jurisdiction with respect to the

13   criminal prosecution in Wisconsin.  *See* Docket No. 18 (Order at 1) (taking note of *Younger*

14   abstention and personal jurisdiction).  In his papers, Plaintiff makes a passing argument that there

15   is a "bad faith" exception to *Younger*.  This is true but it is a narrow exception – "bad faith

16   generally means that a prosecution has been brought without a reasonable expectation of obtaining

17   a valid conviction," *Yelp Inc. v. Paxton*, 137 F.4th 944, 951 (9th Cir. 2025) – and Plaintiff has not

18   shown how he satisfies that narrow exception.  Moreover, as indicated above, aside from *Younger*

19   abstention, there is still the problem of personal jurisdiction.

20   In his papers, Plaintiff also seems to suggest that the Court should alter or amend the

21   judgment  pursuant to Federal Rule of Civil Procedure 59(e).  "Amendment or alteration is

22   appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence,

23   (2) the district court committed clear error or made an initial decision that was manifestly unjust,

24   or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d

25   734, 740 (9th Cir. 2001).  Plaintiff has failed to address this standard.  Indeed, he has not made

26   / / /

27   / / /

28   / / /

2

1  any argument as to why the Court's holding finding a failure to prosecute by Plaintiff was

2  incorrect given the record in the case.  And even if the Court were to give some consideration to

3  Plaintiff's belated apparent desire to now litigate, the merits of his case are lacking for the reasons

4  stated above.  The Court therefore declines to alter or amend the judgment.

5

6       **IT IS SO ORDERED**.

7

8  Dated: July 28, 2025

9

10 

    _____
11  EDWARD M. CHEN
    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California